IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TREMAYNE EDWARDS,

                Plaintiff,

   v.

TIM HAINES and JOHN DOE OFFICER,

                Defendants.

ORDER

16-cv-317-jdp

---

On August 17, 2016, I granted plaintiff Tremayne Edwards leave to proceed on Eighth Amendment claims that defendant John Doe sexually harassed him during a drug test and that defendant Tim Haines either implemented the drug test policy for the purposes of humiliating inmates or that he refused to change the policy even after the potential for harassment was made clear to him. That same day, via electronic notification, this court sent the office of the Wisconsin attorney general a copy of the August 17, 2016 order for acceptance of informal service of process on defendants. On August 29, the attorney general's office advised that it was accepting service on behalf of defendant Haines. On September 29 defendant Haines filed his answer with the court, three days after the September 26 deadline set by the court in accordance with an informal service agreement between the court and the Wisconsin Department of Justice for pro se prisoner cases. In early October, Edwards filed a motion for entry of default pursuant to Fed. R. Civ. P. 55(a).

The clerk of court understandably did not enter default because Haines's answer was already on the docket by the time Edwards filed his motion. But even had the clerk entered default, I would set it aside given the government's response to Edwards's motion. The state contends that its answer was timely because, under Federal Rule of Civil Procedure 6(d), it received three extra days to file its answer (September 29 is the forty-third day after August 17). *See* Rule 6(d) ("When a party may or must act within a specified time after being served

and service is made under Rule 5(b)(2) . . . (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)."). I agree with the state that the answer is timely. Accordingly, I will deny Edwards's motion for entry of default.[1]

Edwards has also filed a motion for leave to file an amended complaint identifying C.O. Gilardi as the John Doe defendant and "adding Discrimination." Dkt. 14. Going forward, C.O. Gilardi will replace the John Doe defendant in the caption. The state should respond to this order, explaining whether it will accept service on behalf of Gilardi.

I take Edwards to be saying that he would like to add equal protection claims to this case. In the August 17 order, I stated that "he does not identify any discriminatory treatment on the basis of any 'suspect classification,' or explain that he was singled out arbitrarily for unfair treatment in a way that might support an equal protection claim." Dkt. 6, at 3 n.1. It is possible that Edwards could amend his complaint to include allegations supporting an equal protection claim, but he does not include a proposed amended complaint along with his motion. Accordingly, I will deny that portion of his motion and direct him to refile it, along with a proposed amended complaint that explains the factual basis for his equal protection claims.

---

[1] Even if the answer had been submitted a few days after the correct deadline, default judgment would be inappropriate. The Seventh Circuit has "articulate[d] a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). And the state explains that it delayed in submitting an answer because of a calendaring oversight, and submitted the answer as soon as the mistake was discovered. I may find good cause to overcome a default even where "there is no good excuse for the defendant's inattention to the case." *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). Edwards would not have been prejudiced in a meaningful way even if the answer had been filed a few days late.

ORDER

IT IS ORDERED that:

1. Plaintiff Tremayne Edwards's motion for entry of default, Dkt. 11, is DENIED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 14, is GRANTED IN PART; the caption is amended to replace the John Doe defendant with C.O. Gilardi. His motion is DENIED with respect to his request to add new claims.

Entered January 4, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge