IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TREMAYNE EDWARDS,

                        Plaintiff,                                          ORDER

        v.
                                                                    16-cv-317-jdp
TIM HAINES and C.O. GILARDI,

                        Defendants.

---

Plaintiff Tremayne Edwards brings claims that C.O. Gilardi sexually harassed him during a drug test and that defendant Warden Tim Haines either implemented the drug test policy for the purposes of humiliating inmates or that he refused to change the policy even after the potential for harassment was made clear to him. On January 4, 2017, I denied Edwards's motion for default judgment, which was filed on the theory that defendants' answer was late.

Immediately following that order, Edwards filed a new motion for default judgment. He now contends that judgment should be entered against Haines as a sanction for him violating Wisconsin law by falsely claiming that he was the warden at the Wisconsin Secure Program Facility, even though he failed to properly execute the official oath of office and bond required of prison wardens. *See* Wis. Stat. §§ 19.01 ("Oaths and bonds"); 302.03 (applying § 19.01 to wardens). As evidence, Edwards submits a letter from the Grant County clerk stating that Haines's oath is not on file there.

This evidence does not prove Haines's failure to execute the oath and bond, because as a state official, he is not required to file those documents with the county clerk. Rather, he must file them with the secretary of state. Section 19.01(4)(a)(9). But in any event, this issue is irrelevant to Edward's claims. This case is not about Haines's compliance with state statutes; Edwards alleged that Haines was the warden, and Haines agrees that he was in fact

the warden. Prison officials are culpable for constitutional violations in which they are involved, so if Haines was involved in violating Edwards's rights while operating as the warden (or any other position, for that matter), Edwards can prevail on his claims. The technicalities of Haines's oath do not matter. Accordingly, I will deny Edwards's motion.

This is Edwards's second unsuccessful motion for default judgment. It is highly unlikely that he will be able to win this case on technical procedural grounds. I urge him to focus his efforts on litigating the *substance* of his claims going forward.


ORDER

IT IS ORDERED that plaintiff Tremayne Edwards's motion for default judgment, Dkt. 24, is DENIED.

Entered January 31, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge